[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant's Motion for Summary Judgment [111]
Plaintiff, Elden C. Tabora, brings this action against Amdour, Inc. claiming a breach of an employment contract. Second Amended Complaint, June 19, 2000. [105] The contract was made in March 2000. "The plaintiff began said employment on April 7, 1997." Id., ¶ 1. The term of employment was three years. Id., ¶ 6.
"On April 26, 1998 the plaintiff was prematurely terminated by the defendant." Second Amended Complaint, June 19, 2000, ¶ 7. [105]
Defendant denies the material allegations of plaintiff's Second Amended Complaint. In addition, defendant has plead several affirmative defenses, including the Statute of Frauds. Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, July 10, 2000. [106]
Now before the court is Defendant's Motion for Summary Judgment, June 25, 2001. [111] In its motion for summary judgment, defendant claims:
 "plaintiff has failed as a matter of law to establish that he had a contract with Amdour; and even if he had reached some sort of oral agreement with Amdour, which CT Page 3994 he had not, any such agreement would be void and unenforceable under the Connecticut Statute of Frauds." Defendant's Motion for Summary Judgment, June 25, 2001, p. 1. [111]
Defendant's initial basis for summary judgment is its claim the parties never reached an agreement on the alleged contract's terms and conditions. Defendant's statement, "plaintiff has failed as a matter of law to establish that he had a contract with Amdour," indicates defendant's focus is misdirected. Whether the parties had come to an agreement on all terms and conditions is a material fact. The summary judgment movant must show there is no issue on any material fact. Thus even if the materials submitted on the motion for summary judgment do not show plaintiff had a contract with Amdour, summary judgment is unwarranted at this stage. By moving for summary judgment, defendant cannot shift the burden to plaintiff to show he has a contract with defendant Amdour.
The Second Amended Complaint alleges the terms of the alleged employment contract. It also alleges promotions and salary increases which occurred during the term of the employment contract. In his affidavit submitted in opposition to the motion for summary judgment, plaintiff says he stated his requirements for leaving his present employment to accept employment at Amdour. "After hearing the aforementioned requirements, Khafisov agreed to each requirement and we shook hands. Khafisov offered me a position as manager of Amdour Windows in Danbury." Affidavit of Elden C. Tabora, July 23, 2001, ¶¶ 6-7. [112]
Defendant has not presented anything directly contradicting plaintiff's affidavit. For example, defendant has chosen not to present an affidavit by Khafisov refuting plaintiff statements about the March 1997 meeting. And, wisely so. That likely would confirm there was a genuine issue on a material fact; therefore no summary judgment.
Plaintiff relies on various statements made by plaintiff during his deposition. These statements by plaintiff are at times inconsistent with or perhaps contradict the allegations of his complaint as affirmed in his affidavit. But these confirm there is a genuine issue of fact. Although plaintiff's evidence is in places internally inconsistent, a fact finder could believe a part of his evidence and base a decision in his favor thereon. Tabora's inconsistent and/or self-contradictory statements about the terms of the contract themselves create an issue of fact sufficient to preclude summary judgment.
In the court's view, Amdour has not established the absence of a CT Page 3995 genuine issue on all material facts; a genuine issue exists as to whether the parties reached agreement on the essential terms of the employment contract. While the evidence presented to date seems to indicate they did not, there is, however slim, an issue of fact. As such, summary judgment on this ground is precluded.
On the second ground for summary judgment, the statute of frauds, the picture is clearer. The claimed contract was for a term of three years. It was not written. A stature provides:
 "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars." C.G.S. § 52-550 (a).
The employment contract plaintiff alleges is "[an] agreement that is not to be performed within one year from the making thereof." It is within the statute of frauds. The court does not understand plaintiff to claim otherwise.
Plaintiff does claim that his action is nevertheless saved by the doctrine of promissory estoppel. Memorandum of Law in Support of Plaintiff's Objection to Defendant Amdour, Inc.'S Motion for Summary Judgment, July 30, 2001. [114] Plaintiff asserts:
 "The oral agreement reached between Mr. Tabora and Khafisov, on behalf of Amdour, is enforceable under the doctrine of promissory estoppel where Khafisov made promissory statements with the intent to induce Mr. Tabora to terminate his employment with Action Windows. Based on a reasonable reliance that these representations were made in good faith, Mr. Tabora did in fact terminate his employment with Action Windows, to his detriment. Amdour is thus estopped CT Page 3996 from claiming that the agreement reached cannot constitute an enforceable contract." Memorandum of Law in Support of Plaintiff's Objection to Defendant Amdour, Inc.'S Motion for Summary Judgment, July 30, 2001, p. 11. [114] The rules regarding summary judgment provide:
 "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
A recent superior court decision states:
 "Thus, a plaintiff asserting a cause of action for promissory estoppel must plead and prove the following four elements: 1) the promisor made a clear and definite promise; 2) the promisee reasonably relied on the promise; 3) the promise induced the action taken by the promisee; and 4) injustice can be avoided only by enforcement of the promise. Id. 213-215." [Italics added.] [The internal citation references are to D'Ulisse-Cupo v. Board of Directors off Notre Dame High School, 202 Conn. 206 (1987).] Thompson v. Bridgeport Hospital, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV98 352686 (Jun. 18, 2001, Moran, J.).
Plaintiff claims:
 "The two essential elements of estoppel are that one party must do or say something which is calculated to induce another to believe in the existence of certain facts and to act on that belief; and the other party, influenced thereby, must change his position or do some act to his injury which he otherwise would not have done. . . ." Memorandum of Law in Support of Plaintiff's Objection to Defendant Amdour, Inc.'S Motion for Summary Judgment, July 30, 2001, p. 11. [114]
In order to prevail on his promissory estoppel claim, plaintiff had to plead promissory estoppel. CT Page 3997
According to plaintiff, he believed he had a binding agreement made by Khafisov on behalf of Amdour, and, relying on that agreement he quit his then employment with Action Windows and went to work for Amdour. The critical facts plaintiff relies upon for his promissory estoppel claim are his relying on the agreement and his quitting his job at Action Windows.
Plaintiff's one-count Second Amended Complaint states a straightforward contract claim. There is no allegation plaintiff relied on an agreement. There is no mention of employment at Action Windows or any other employment. There is no allegation plaintiff quit his employment in order to go to work for Amdour in reliance on the alleged contract of employment.
Plaintiff's Second Amended Complaint does not allege a claim for promissory estoppel.
In response to the Second Amended Complaint, defendant plead the statute of frauds. Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, July 10, 2000, p. 3. [106]
Thereafter, plaintiff filed a Reply. Regarding the statute of frauds affirmative defense, plaintiff simply denied it. Reply to Affirmative Defenses, January 8, 2001. [108]
The defendant having plead the affirmative defense of the statute of frauds, plaintiff could have plead the facts upon which any claim for promissory estoppel was predicated. This could have been done in his Reply.
No allegations regarding promissory estoppel are contained in the Reply.
The entry of summary judgment, as is the entry of any judgment, is confined to the issues fairly raised in the pleadings.
Promissory estoppel has not been raised in any pleading. Not having been raised in the pleadings, it cannot avail plaintiff here.
Summary judgment shall enter in favor of the defendant and against the plaintiff.
____________________ Parker, J
c:\TaboravAmdour CT Page 3998